IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| TERRANCE A. HAMLIN | * | Case No. 20-13757-TJC |
| Debtor(s) | * | (Chapter 7) |
| * * * * * * * | | |
| | * | |
| MARYLAND DEPARTMENT OF LABOR | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary |
| | * | Proceeding No. _____ |
| TERRANCE A. HAMLIN | | |
| | * | |
| Defendant | | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Maryland Department of Labor ("DOL"), formerly known as DLLR,[1] Plaintiff, by its undersigned attorney, Orbie R. Shively, files this Complaint To Determine Dischargeability of Debt against Terrance A. Hamlin, Defendant/Debtor, and in support thereof says:

### Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 523 and Local District Court Rule 402. This proceeding arises in and related to the above-captioned Chapter 7 case under Title 11.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Pursuant to Local Bankruptcy Rule 7012-1(b), DOL consents to the entry of final orders or judgments by the Bankruptcy Judge.

---

[1] The Maryland Department of Labor, Licensing and Regulation ("DLLR") officially changed its name to the Maryland Department of Labor effective July 1, 2019.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. This is an adversary proceeding to determine the dischargeability of a debt owed by Defendant/Debtor Terrance A. Hamlin.

## Parties

5. Defendant Terrance A. Hamlin ("Debtor") is the debtor in the Chapter 7 bankruptcy case out of which this adversary proceeding arises, having filed the voluntary petition on March 23, 2020 (the "Petition Date").

6. Plaintiff, DOL, is a government agency that, among its other functions, administers the unemployment law, pays unemployment benefits to eligible recipients, and is empowered to collect delinquent unemployment benefit overpayments.

7. The deadline to file a complaint under 11 U.S.C. § 523(a)(2), (4) or (6) is June 29, 2020. This complaint is therefore timely.

## Facts and Background

8. DOL's duties include, but are not limited to, administering the unemployment law, paying unemployment benefits to eligible recipients, and collecting unemployment benefit overpayments.

9. Under Maryland law, unemployment benefit claimants are generally entitled to receive unemployment benefits if they are unemployed, were not terminated from prior employment without substantial cause or through misconduct, and are not receiving certain retirement benefits or unemployment benefits from another source. Md. Code Ann., Labor and Employment Article ("LE"), §§ 8-902, 8-903, 8-1001, 8-1002, 8-1002.1, 8-1003, 8-1005, 8-1006, 8-1008.

10. DOL is a creditor of Debtor, having paid unemployment benefits to Debtor which were obtained by false pretenses, false representation, or actual fraud by Debtor

knowingly giving incorrect, incomplete, or false information in order to obtain or increase benefits.

11. Upon a determination that a claimant is not entitled to the unemployment benefits the claimant received, DOL may recover the overpaid benefits, plus interest of one and on-half percent (1.5%) ("fraud interest") if it is determined that the claimant knowingly made a false statement or representation or knowingly failed to disclose a material fact to obtain or increase a benefit. Md. Code Ann. LE §§ 8-809, 8-1301. Interest based on fraud is calculated from the date the claimant is notified that the claimant was not entitled to benefits received. DOL may also recover a monetary penalty ("fraud penalty") of fifteen percent (15%) of all benefits paid to the claimant for each week for which the false statement or representation was made or for which the claimant failed to disclose a material fact. Md. Code Ann., LE § 8-809(b)(2).

12. Debtor filed claim(s) for unemployment benefits in 2019 at which time DOL informed Debtor of the requirements to remain eligible to receive unemployment benefits and sent Debtor a pamphlet explaining those requirements.

13. While receiving the unemployment benefits, Debtor made express representations to DOL that Debtor remained unemployed or underemployed and was eligible and entitled to receive the unemployment benefit payments for each week DOL paid the benefits. Debtor knew those representations were false when Debtor made them and made those representations with the intent of deceiving DOL.

14. DOL subsequently determined on July 25, 2019 that Debtor had a first day of work of May 20, 2019 with employer Daycon Products Co., Inc. and had unreported earned income from employer Daycon Products Co., Inc. for the week ending May 25,

2019 through the week ending June 29, 2019, for which weeks DOL paid benefits to Debtor. These overpayments totaled six (6) weeks. See Fact-Finding Report employer Daycon Products Company, Inc. annexed as Exhibit 1; Nonmonetary Determination annexed as Exhibit 2.

15. In mandatory weekly reports, Debtor fraudulently did not report the income Debtor received and was, therefore, ineligible for the benefits receiving in the amount of Two Thousand Five Hundred Fifty Dollars ($2,580.00) in overpayment principal, fraud penalty of Three Hundred Eighty Seven Dollars ($387.00), interest based on the fraud ("fraud interest") of Three Hundred Fifty Six Dollars and Eight Cents ($356.08), for a total balance of Three Thousand Three Hundred Twenty-Three Dollars and Eight Cents ($3,323.08). See annexed hereto as Exhibit 3: Overpayment Inquiry OP #1; annexed as Exhibit 4 Z03 screen showing the wages Debtor reported (Debtor reported that he was unemployed and therefore had zero wages); and annexed as Exhibit 5 G01 screen showing wages subsequently reported by Daycon Products Co., Inc. for the weeks in question.

16. As to the overpayments, DOL notified Debtor on July 25, 2019 that DOL had made determinations that Debtor was ineligible for the benefits Debtor received as a result of Debtor's fraudulent conduct and provided Debtor with appeal rights to protest the determination. See Exhibit 6: Notices of Fraud Determination relating to employer Daycon Products Co., Inc. DOL's determinations are final and unappealable.

## **CLAIM—DETERMINATION OF DEBT AS NONDISCHARGEABLE**

17. The allegations set forth in paragraphs one (1) through sixteen (16) are realleged and incorporated by reference as if fully set forth herein.

18. Debtor is indebted to DOL on a debt for money obtained by false pretenses, false representations, or actual fraud, which arose as a result of unemployment benefits Debtor received from DOL.

19. DOL paid unemployment benefits to Debtor because of justifiable reliance on Debtor's false and fraudulent representations that Debtor was eligible and entitled to receive the unemployment benefit payments from DOL, and DOL believed Debtor's statements of eligibility which Debtor represented to be truthful.

20. Upon that justifiable reliance, DOL paid to Debtor, and Debtor accepted, unemployment benefits.

21. As a result of the above false pretenses, false representation and/or actual fraud, the Debtor is indebted to DOL in the amount of Two Thousand Five Hundred Fifty Dollars ($2,580.00) in overpayment principal, fraud penalty of Three Hundred Eighty Seven Dollars ($387.00), interest based on the fraud ("fraud interest") of Three Hundred Fifty Six Dollars and Eight Cents ($356.08), for a total balance of Three Thousand Three Hundred Twenty-Three Dollars and Eight Cents ($3,323.08), which Debtor owes to DOL and which is nondischargeable pursuant 11 U.S.C. § 523(a)(2)(A).

22. The fraud penalty of Three Hundred Eighty-Seven Dollars ($387.00) is also nondischargeable under 11 U.S.C. § 523(a)(7) because it is "payable to and for the benefit of a governmental unit" and does not "constitute compensation for actual pecuniary loss." See e.g. *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); see also *In re Smith*, 317 B.R. 302 (Bkrtcy.D.Md. 2004).

WHEREFORE, Plaintiff DOL respectfully requests that this Court:

(a) Determine that the debt consisting of Two Thousand Five Hundred Fifty Dollars ($2,580.00) in overpayment principal, fraud penalty of Three Hundred Eighty Seven Dollars ($387.00), interest based on the fraud ("fraud interest") of Three Hundred Fifty Six Dollars and Eight Cents ($356.08), for a total balance of Three Thousand Three Hundred Twenty-Three Dollars and Eight Cents ($3,323.08), and costs of Three Hundred Fifty Dollars ($350.00) to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

(b) Determine that the fraud penalty of Three Hundred Eighty-Seven Dollars ($387.00) is also nondischargeable pursuant to 11 U.S.C. § 523(a)(7);

(c) Grant judgment in favor of Plaintiff DOL and against the Defendant Debtor Terrance A. Hamlin in the amount of Three Thousand Three Hundred Twenty-Three Dollars and Eight Cents ($3,323.08), and costs of Three Hundred Fifty Dollars ($350.00), plus post-judgment interest at the federal rate; and

(d) for such other and further relief as the Court may deem just and proper.

/s/ Orbie R. Shively
Orbie R. Shively (Fed. Bar No. 04461)
Maryland Department of Labor
Litigation and Prosecution Unit
1100 North Eutaw Street, Rm. 522
Baltimore, MD 21201
(Ph.) (410) 767-4366/Fx. (410) 333-5059
orbie.shively@maryland.gov